```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------X
```

WILLIAM THOMAS,

        Petitioner,　　　　　　　　　　**MEMORANDUM & ORDER**

                                                   21-CV-5623 (KAM)

    -against-

WARDEN MARTINEZ, MDC Brooklyn;
MERRICK GARLAND, Attorney
General;

        Respondents.

```
--------------------------------------X
```

**KIYO A. MATSUMOTO, United States District Judge:**

    On October 1, 2021, petitioner William Thomas ("Thomas") -- then an inmate at the Metropolitan Detention Center (the "MDC") in Brooklyn, New York -- commenced this action against respondent MDC Warden Martinez and Attorney General Merrick Garland by filing, *pro se*, a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 (ECF No. 1, "Petition").

    For the reasons set forth below, the Petition is denied and dismissed.

<u>BACKGROUND</u>

    On October 18, 2017, Thomas was arrested and charged by complaint in the Southern District of New York with conspiracy to distribute and possess with intent to distribute oxycodone and amphetamine, in violation of 21 U.S.C. §§ 846 and 841(b)(1)(C).

*See United States v. Thomas*, Case No. 17-CR-350 (LAP) (hereafter "*Thomas I*"), ECF No. 1. Thomas appeared before Magistrate Judge Netburn the same day and was released on a $100,000 bond. *Thomas I*, ECF No. 6.

Subsequently, on November 2, 2017, Thomas was arrested and charged in Nassau County with driving while intoxicated, and was not released on bail due to his previous DWI offenses. *See Thomas I*, ECF No. 1220, at 4 (hereafter, "Sentencing Tr."). On January 3, 2018, Thomas pleaded guilty in Nassau County Court and was sentenced to a custodial term of 14 months to four years. *Id.* After beginning his state sentence, Thomas was transferred on January 10, 2018, to federal custody by writ of habeas corpus *ad prosequendum*, and he was housed in the Metropolitan Correctional Center ("MCC"). *Id*.

Thomas pleaded guilty in the *Thomas I* matter on February 27, 2019. *Thomas I,* ECF No. 1128. Subsequently, Thomas was sentenced by United States District Judge Preska on September 10, 2019. *See generally Thomas I,* Sentencing Tr. During the sentencing hearing, both defense counsel and the Government agreed that Thomas's time served at the MCC while on "a federal writ from state court . . . will be credited to the state sentence." *Id.* at 10. Defense counsel asked the sentencing court to consider reducing Thomas's sentence or to "credit [his time in the MCC] towards" the sentence being imposed, accordingly. *Id.* at 7.

2

Judge Preska sentenced Thomas to a sentence of 48 months in custody, "to run concurrently with the state court sentence," along with a five-year term of supervised release. *Id.* at 14; *see also* ECF No. 1212, Judgment.

Thomas filed a letter request to Judge Preska on May 14, 2020, noting that he had been in federal custody for "25 months," and had previously served an additional "5 months" of state custody. *See Thomas I,* ECF No. 1264. Thomas subsequently filed a second letter requesting Judge Preska's "assistance" because the Bureau of Prisons was not giving him credit for his time in custody "from November 3, 2017 until September 10, 2019." *Thomas I,* ECF No. 1286. Judge Preska denied Thomas's request for release, construing it as a "motion to challenge the computation of his lawfully imposed sentence pursuant to 28 U.S.C. § 2241," both because Thomas had failed to satisfy his administrative remedies, and because the court was "deeply skeptical of his argument that the BOP has improperly calculated his sentence." *United States v. Thomas*, No. 17 CR. 350 (LAP), 2021 WL 1016034, at *2 (S.D.N.Y. Mar. 17, 2021).

Following Judge Preska's denial of Thomas's request on March 17, 2021, he filed the instant petition in this Court on October 1, 2021, while in custody at the Metropolitan Detention Center in Brooklyn, New York. Thomas states that he is challenging the computation of his federal sentence, which he contends has been applied to run consecutively to his state sentence, rather than

3

concurrently to it as ordered by Judge Preska at sentencing. (ECF No. 4, Petitioner's Memorandum of Law ("Mem."), at 4-5.) Thomas requests either immediate release from the MDC or an order directing the Federal Bureau of Prisons ("BOP") to modify his record to reflect the additional earned time credits. (Mem. at 5-6.)

On January 10, 2022, the Government submitted a letter opposing the Petition. (ECF No. 10 ("Gov't Opp.").) In its letter, the Government argued that Thomas's claim for relief was meritless, relying on 18 U.S.C. § 3585(b), which states that a defendant "shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences" only if it "has not been credited against another sentence." (*Id.* at 3.) Accordingly, the Government argues that Thomas "may not be given double credit" for the "time at the MCC prior to September 10, 2019 [which was] credited to his state sentence." (*Id.* at 3.) The Government also noted that, according to BOP records, Thomas was scheduled for release on December 1, 2022. (*Id.* at 1.)

On January 28, 2022, Thomas timely replied to the Government's opposition. (ECF No. 11.) On December 5, 2022, Thomas was released from BOP custody, four days after his originally scheduled release date. *See* https://www.bop.gov/inmateloc/ (last visited Dec. 13, 2023). Thomas is, accordingly, still serving his five-

4

year term of supervised release. The Court now addresses whether the Petition is moot, in light of Thomas's release from custody.

## DISCUSSION

"A writ of habeas corpus under § 2241 is available to a federal prisoner who does not challenge the legality of his sentence, but challenges instead its execution subsequent to his conviction." *Carmona v. U.S. Bureau of Prisons*, 243 F.3d 629, 632 (2d Cir. 2001) (citations omitted). A prisoner in federal custody or awaiting trial for a violation of federal law may seek a writ of habeas corpus. *See* 28 U.S.C. § 2241(c)(1)-(3).

Article III, § 2 of the United States Constitution requires the existence of an actual case or controversy through all stages of federal judicial proceedings. A case becomes moot when "the relief sought can no longer be given or is no longer needed." *Martin-Trigona v. Shiff*, 702 F.2d 380, 386 (2d Cir. 1983); *see also Mitts v. Strada*, No. 12-CV-5538 (RRM), 2013 WL 764739, at *2 (E.D.N.Y. Feb. 28, 2013) (dismissing a § 2241 petition as moot where the petitioner "has obtained the relief he originally sought" and accordingly, the Court could not "provide any further relief that remedies the wrong of which he complains"). "[I]f an event occurs during the course of the proceedings or an appeal that makes it impossible for the court to grant any effectual relief whatever to a prevailing party, [the court] must dismiss the case" as moot. *United States v. Blackburn*, 461 F.3d 259, 261 (2d Cir. 2006)

(internal quotation marks and citation omitted); *see also Geddes v. Lindsay*, No. 07-CV-5054 (NGG), 2008 WL 2620129, at *3 (E.D.N.Y. July 1, 2008) ("[A] motion under section 2241 is moot if a change in the petitioner's conditions of imprisonment precludes the district court from providing any 'effectual relief.'") (quoting *Levine v. Apker*, 455 F.3d 71, 77 (2d Cir. 2006)).

A petition for habeas corpus relief does not necessarily become moot when the petitioner is released from prison. *See Spencer v. Kemna*, 523 U.S. 1, 7 (1998); *accord Levine*, 455 F.3d at 76-77. Rather, the matter will remain a live case or controversy if there remains "some concrete and continuing injury" despite the release, or, in cases where the petitioner challenges the conviction itself, if a "collateral consequence" will result from the conviction. *Spencer*, 523 U.S. at 7. Because Thomas does not challenge his conviction, but instead challenges the execution of his sentence and the calculation of credit for his time in custody, the Petition is moot unless there remains a "concrete and continuing injury." *Id.*

Although Thomas was in federal custody at the MDC when he filed the Petition, he has since been released, and his sentence of imprisonment has fully expired. The Petition sought only injunctive relief -- either immediate release from the MDC, or, in the alternative, modification of his record to account for additional earned time credits that would shorten the length of

6

his imprisonment. Thus, because Thomas's release from MDC means that he has already received the relief he requested, *see Martin-Trigona*, 702 F.2d at 386; *Mitts*, 2013 WL 764739, at *2, there is no longer a live case or controversy for which any relief could be granted, and dismissal of the Petition is proper, *see Thompson v. Choinski*, 525 F.3d 205, 209 (2d Cir. 2008) (dismissing petitioner's § 2241 challenge to the conditions of his confinement as moot because he was no longer imprisoned at the facility in question).

Accordingly, because the relief Thomas sought "can no longer be given or is no longer needed," *Martin-Trigona*, 702 F.2d at 386, the Petition is moot and must be dismissed for lack of jurisdiction, see *Baez v. Tellez*, No. 21-CV-04760 (DC), 2023 WL 2020962, at *2 (E.D.N.Y. Feb. 15, 2023).[1]  However, even if Thomas's Petition were not moot, this Court would deny it, as Petitioner does not point to any error in the calculation of his sentence. As noted by the Government, the Sentencing Court, and Thomas's own counsel at his sentencing hearing, "the time served [on his federal writ from Nassau County] gets credited to the state." Sentencing Tr. at 5. Accordingly, per 18 U.S.C. § 3585(b), Thomas could not "'double-dip' and receive credit for both his state and federal sentences prior to the date that the federal sentence was imposed." *United States v. Arroyo*, 324 F.

---

[1] That Thomas remains on supervised release at this time is of no moment, as his Petition did not seek any modification of his term of supervision.

Supp. 2d 472, 474 (S.D.N.Y. 2004).  As such, Thomas has not shown any evidence that the execution of his sentence was improper, as required for the relief requested under 28 U.S.C. § 2241.

### CONCLUSION

For the reasons set forth above, Thomas's request for relief under 28 U.S.C. § 2241 is denied as moot, and the Petition is dismissed.  The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal taken from this decision and order would not be taken in good faith.  The Government is requested to confer with Probation and serve a copy of this Memorandum and Order on Thomas at his address on file with the Probation Department, and file proof of service by December 15, 2023.

**SO ORDERED.**

　　　　　　　　　　　　　　　　　　　　／s／
　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　KIYO A. MATSUMOTO
　　　　　　　　　　　　　　　　　　　　United States District Judge
　　　　　　　　　　　　　　　　　　　　Eastern District of New York

Dated:      December 14, 2023
            Brooklyn, New York